AUG 16 2006
BY 021

Priority
Send
Enter
Closed
JS-5/JS-6  NO
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 05-7798 ABC (PJWx) |
| Title | Mike Love v. The Mail on Sunday, et al. |
| Date | August 15, 2006 |

*Priority Sent*

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

Present: The Honorable    Audrey B. Collins

| Daphne Alex | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** MOTIONS TO DISMISS FILED BY DEFENDANTS JEAN SIEVERS, THE LIPPIN GROUP, INC., SOOP LLC; SANCTUARY RECORDS GROUP LTD., SANCTUARY RECORDS GROUP, INC., SANCTUARY ARTIST MANAGEMENT, INC., SANCTUARY MUSIC PRODUCTIONS, INC; DAVID LEAF; BRIAN WILSON; AND MELINDA WILSON (In Chambers)

Pending before the Court are motions to dismiss Plaintiff's First Amended Complaint ("FAC") brought by the following defendants: (1) Jean Sievers, the Lippin Group, Inc., and Soop, LLC ("Sievers Motion"); (2) Sanctuary Records Group, Ltd., Sanctuary Records Group, Inc., Sanctuary Artist Management, Inc., and Sanctuary Music Productions, Inc. ("Sanctuary Motion"); (3) Brian Wilson; (4) Melinda Wilson; and (5) David Leaf, whose motion is essentially a joinder in the Sievers Motion, and will therefore not be addressed individually. These Motions were filed on May 22, 2006. Further, in addition to presenting independent arguments, the Sanctuary Defendants, Brian Wilson, and Melinda Wilson each joined in the Sievers Motion. Melinda Wilson also joined in Brian Wilson's motion. Plaintiff Mike Love filed his opposition briefs on June 5, 2006. However, Plaintiff failed to oppose the Sanctuary Motion.[1] Each defendant, except the Sanctuary Defendants and Melinda Wilson, filed replies on June 19, 2006.

The Court found this motion appropriate for submission without oral argument. See Fed. R. Civ. Pro. 78; Local Rule 7-15. Accordingly, the scheduled hearing date of August 14, 2006 was vacated. Upon consideration of the parties' submissions and the case file, the Court hereby: (1) GRANTS with prejudice the Sanctuary Motion; (2) GRANTS in part and DENIES in part the Sievers motion; (3) GRANTS in part and DENIES in part Brian Wilson's motion; (4) GRANTS in part and DENIES in part David Leaf's Motion; and (5) DISMISSES Melinda Wilson from the action.

---

[1] In its July 17, 2006 minute order, the Court denied Plaintiff's *ex parte* application to withdraw his opposition to the Sievers Motion, and refile it after adding thereto an opposition to the Sanctuary Motion (as well as other arguments). Accordingly, the Sanctuary Motion remains unopposed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 05-7798 ABC (PJWx)                                    Date   August 15, 2006

Title   Mike Love v. The Mail on Sunday, et al.

## I. BACKGROUND

This case is the latest in a long history of litigation involving the principal members of the well-known musical group the Beach Boys. In this case, Plaintiff Mike Love alleges that the Defendants recorded and distributed a promotional CD of re-recorded Beach Boys songs, performed by Brian Wilson, to millions of people without obtaining his authorization. This "Good Vibrations" CD was distributed primarily in the United Kingdom, through the September 26, 2004, edition of the newspaper *Mail on Sunday*, published by Associated Newspapers Limited ("ANL"). The Good Vibrations CD was also allegedly promoted on television and the internet by Bigtime.TV. Plaintiff claims that the distribution of this CD has, among other things, damaged existing and future sales of Beach Boys albums and tarnished the Beach Boys' trademark.

Both ANL and Bigtime.TV, United Kingdom entities, were previously dismissed from this case upon the Court's grant of their motions to dismiss for lack of personal jurisdiction. The instant motions were brought by the remaining defendants: one of the Beach Boys' founding members, Brian Wilson; his wife, Melinda Wison; the "Sievers Defendants," consisting of Wilson's managers and publicist; David Leaf, a writer and producer for Wilson; and the "Sanctuary Defendants," a U.K record company and associated companies with similar names.

Plaintiff Love states the following causes of action: (1) violation of statutory right of publicity (Cal. Civ. Code § 3344); (2) violation of the common law right of publicity; (3) breach of the covenant of good faith and fair dealing; (4) action for indemnity under written indemnity contract; (5) declaratory relief regarding the settlement and indemnity agreements; (6) breach of fiduciary duty; (7) copyright infringement by unlawful reproduction of copyrighted work (17 U.S.C. § 106(1)); (8) copyright infringement by unlawful preparation of derivative work (17 U.S.C. § 106(2)); (9) copyright infringement by unlawful distribution of copyrighted work; (10) federal trademark infringement (15 U.S.C. § 1114); (11) federal unfair competition (15 U.S.C. § 1125(a), Lanham Act 43(a)); (12) federal trademark dilution (15 U.S.C. § 1125(c), Lanham Act § 43(c)); (13) unfair, deceptive or unlawful business practices (Cal. Bus. & Prof. Code § 17200, et. seq.); (14) interference with contractual relations with BRI; (15) interference with contractual relations with Rondor Music; (16) intentional interference with prospective economic advantage; (17) negligent interference with prospective economic advantage; and (18) civil conspiracy. Unless otherwise noted, each claim was pled against each defendant, and each defendant moved to dismiss each claim asserted against him or her.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Motion for Failure to State a Claim

Most of the grounds offered for dismissal are governed by Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. See Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 05-7798 ABC (PJWx)                                Date   August 15, 2006

Title      Mike Love v. The Mail on Sunday, et al.

Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990). "The Rule 8 standard contains 'a powerful presumption against rejecting pleadings for failure to state a claim.'" Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997). A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 969, 699 (9th Cir. 1988); accord Gilligan, 108 F.3d at 249 ("A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'") (citations omitted).

The Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Furthermore, the complaint must be read in the light most favorable to plaintiff. Id. However, the Court need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Moreover, in ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the complaint (e.g., those facts presented in briefs, affidavits, or discovery materials). Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). A court may, however, consider exhibits submitted with the complaint. Id. at 453-54. Similarly, a court may consider documents that are not physically attached to the complaint but "whose contents are alleged in [the] complaint and whose authenticity no party questions." Id. at 454. Further, it is proper for the court to consider matters subject to judicial notice pursuant to Federal Rule of Evidence 201. Mir, M.D. v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988).

### B.   Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

With regard to several causes of action, the defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." General Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 969 (9th Cir. 1981). Accordingly, the burden rests on the party asserting federal subject matter jurisdiction to prove that subject matter jurisdiction exists in the given case. California ex rel. Younger v. Andrus, 608 F.2d 1247, 1249 (9th Cir. 1979).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. See Fed. R. Civ. P. 12(b)(1). Unlike a motion under Rule 12(b)(6), however, the court is not required to accept all of the non-moving party's factual allegations as true. Instead, the party moving under Rule 12(b)(1) may submit evidence indicating that the court lacks subject matter jurisdiction. "It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." Association of Am. Med. Colleges v. United States, 217 F.3d 770, 778 (9th Cir. 2000) (noting that district court "obviously does not abuse its discretion by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 05-7798 ABC (PJWx) | Date | August 15, 2006 |
| Title | Mike Love v. The Mail on Sunday, et al. | | |

looking to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes").

The defense of lack of subject matter jurisdiction is never waived and may be raised by either party or sua sponte by the court at any time. Fed. R. Civ. P. 12(h)(3). On a motion to dismiss under Rule 12(b)(1), the court may consider matters outside the pleadings, but must accept as true all material allegations of the complaint and construe the complaint in favor of the plaintiff. See Fed. R. Civ. P. 12; Warth v. Seldin, 422 U.S. 490, 501-02 (1975) (considering the issue of standing).

**II.   DISCUSSION**

Either through their own motions or by joining in another defendant's motion, each defendant has moved to dismiss each claim against him or her. Accordingly, unless otherwise noted below, the analysis and dispositions that follow apply to each defendant against whom the claim is asserted.

**A.   Claims for Violation of the Statutory and Common Law Rights of Publicity (First and Second Causes of Action)**

Plaintiff asserts causes of action against each Defendant for violation of the statutory and common law rights of publicity. Plaintiff alleges that the Defendants used his "name, photographs, and likenesses to defendants' commercial advantage by aiding defendants' distribution of millions of their Good Vibrations CDs with Mike Love's songs, to increase the sales and the solicitation of the sales of [their newspapers], to increase internet traffic to [their websites] and increase the sale of the Smile CD, all without plaintiff's consent," in violation of California Civil Code § 3344 and California common law. Complaint ¶¶ 63 and 68. Specifically, the Good Vibrations CD cover includes three photographs of the Beach Boys, in which Plaintiff is necessarily pictured.

The Sievers Defendants (joined by all other parties) moved to dismiss both claims under Rule 12(b)(1). They claim that California law does not apply when the alleged misappropriation occurred in the United Kingdom and Plaintiff resides in Nevada. Instead, they contend that United Kingdom ("U.K.") law applies, and that because the U.K. does not recognize a right of publicity, these causes of action must be dismissed.

With regard to the statutory right of publicity claim, Defendants argue in the alternative that Plaintiff cannot state a cause of action because the statute applies only to the use of an *individual's* likeness or photograph, rather than to a group likeness or photograph such as those that form the basis of Plaintiff's complaint.

**1.   The Alleged Wrongful Conduct Is Governed By the Law of the United Kingdom.**

Defendant argues that U.K. law governs these claims. Notably, Plaintiff's opposition lacks any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 05-7798 ABC (PJWx) | Date | August 15, 2006 |
| Title | Mike Love v. The Mail on Sunday, et al. | | |

reasoning to the contrary. Instead, Plaintiff argues that as between California law and *Nevada* law, California law applies. However, Plaintiff's argument is a nullity because nowhere do Defendants contend that Nevada law governs. In effect, Defendants' position remains unopposed, and the Court would be well within its authority to deem Plaintiff's non-opposition as consent to the motion, and grant it on that ground alone. However, the Court will nevertheless also consider the motion on its merits.

In a federal question action where the federal court is exercising supplemental jurisdiction over state claims, the federal court applies the choice-of-law rules of the forum state, in this instance, California. Paracor Finance, Inc. v. General Elec. Capital Corp., 96 F.3d 1151, 1164 (9th Cir. 1996). California applies a "governmental interest" approach to resolve conflict of law questions. Reich v. Purcell, 67 Cal. 2d 551, 554 (1967). This approach requires the court to "find the proper law to apply based upon the interests of the litigants and the involved states." Offshore Rental Co. v. Continental Oil Co., 22 Cal. 3d 157, 161 (1978). "A separate choice-of-law inquiry must be made with respect to each issue in a case." Application Group, Inc. v. Hunter Group, Inc., 61 Cal. App. 4th 881, 896 (1998).

A court applying California's governmental interests approach must conduct a three-step analysis. Arno v. Club Med. Inc., 22 F.3d 1464, 1467 (9th Cir. 1994). First, the court must determine whether there is a difference between the laws of the two states involved in the given action. Id. Second, assuming a difference exists, the court must then examine each state's interest in applying its own law to determine whether a "true conflict" exists. Id. Third, if a true conflict exists, the court must determine the relative impairment to each jurisdiction under the other's rule of law. Id. Below, the Court analyzes each of these three steps.

First, California law and U.K. law differ with regard to right of publicity claims. California recognizes both common law and statutory right of publicity claims. See Midler v. Ford Motor Co., 849 F.2d 460 (9th Cir. 1988) and Cal. Civ. Code §§3344, 3344.1. The U.K., by contrast, does not recognize the right of publicity. Bi-Rite Enterprises, Inc. v. Bruce Miner Co., Inc., 757 F.2d 440, 442 (1st Cir. 1985) ("Great Britain does not recognize a right of publicity.")

Second, there appears to be no "true conflict" because California has no interest in its laws being applied in this case. California law embodies a presumption against the extraterritorial application of its law. See Diamond Multimedia Systems, Inc. v. Superior Court, 19 Cal.4th 1036, 1060 n. 20 (1999). Here, the alleged misuse of Plaintiff's right of publicity occurred in the U.K., and for purposes of this motion, the only evidence on point is that the Defendants did not distribute the Good Vibrations CD in California. See, e.g., McCarthy v. U.S., 850 F.2d 558, *560 (9th Cir. 1988) (stating "when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.") Declarations submitted in connection with motions to dismiss filed earlier in the case by ANL and Bigtime.TV, and referenced in the Sievers Motion, state that the promotional CDs were distributed only in the U.K. and Ireland. Although a handful of copies of the September 26, 2004 edition of the *Mail on Sunday* made their way into California, none of those copies included the promotional CD. Plaintiff does contend that one offending CD was sold through

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7798 ABC (PJWx) | Date | August 15, 2006 |
|---|---|---|---|
| Title | Mike Love v. The Mail on Sunday, et al. | | |

eBay to a California resident, and that forty copies of the CD were sent to Brian Wilson's attorneys, but for choice of law purposes, this does not give California a substantial enough interest to have its law applied, especially in contrast with the approximately 2.6 million CDs distributed in the U.K., which appears to have been the true locus of any alleged misappropriation of Plaintiff's right of publicity. Accordingly, California has no interest in having its law apply in this case involving an out-of-state Plaintiff, misappropriation that occurred in the U.K., and distribution that occurred overwhelmingly in the U.K.

Because California has no interest in applying its law to this case, there is no true conflict, and the Court need not consider the third element of the choice of law analysis: the relative impairment to each jurisdiction under the other's rule of law. However, even if California had an interest in applying its law to this case, the U.K.'s interest would be far more impaired if California law applied. The allegedly offending activity occurred within the U.K.'s borders. The U.K. does have intellectual property laws regulating conduct in the U.K., see, e.g., Tyburn Productions Ltd. V. Conan-Doyle, 1 All E.R. 909, 918 (1990) (discussing English intellectual property law and the inherently territorial nature of intellectual property law), but does not apparently recognize actions for violations of the right of publicity. That the U.K. does regulate intellectual property within its borders implies that the U.K.'s non-recognition of an action for violation of the right of publicity is likely a policy choice. To apply California law to the present facts would render conduct that is permissible in the U.K., actionable in California. To do so would unacceptably impair English law.

Accordingly, the Court GRANTS Defendants' motion with regard to Plaintiffs' first and second causes of action, and DISMISSES them with prejudice.

In light of the Court's conclusion that U.K. law governs the conduct alleged under the first and second causes of action, the Court need not address Defendants' second ground for dismissal.

**B.  Breach of Covenant of Good Faith and Fair Dealing, Versus Brian Wilson Only (Third Cause of Action)**

Plaintiff asserts this cause of action against just Brian Wilson, alleging that Wilson "breach[ed] the covenant of good faith and fair dealing, by among other things, not seeking nor [sic] obtaining plaintiff's approval prior to the use of plaintiff's musical compositions" on the Good Vibrations CD. Complaint ¶ 73. Plaintiff asserts that Wilson's obligation to obtain his approval arises out of an implied covenant of good faith and fair dealing associated with a 1994 settlement agreement between Wilson and Plaintiff relating to another matter. Complaint ¶ 74.

Wilson moves to dismiss under Rule 12(b)(6) on several grounds. First, Wilson argues he had no obligation to seek Plaintiff's approval to use the compositions because Plaintiff is just a beneficial owner, and therefore has no approval rights over licensing the compositions. This is a correct statement of copyright law, in that a legal owner has the right to license the property without the approval of beneficial owners. However, Plaintiff claims that his approval rights derive from the 1994 settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 05-7798 ABC (PJWx)                    Date   August 15, 2006

Title      Mike Love v. The Mail on Sunday, et al.

agreement between himself and Wilson, which is a source independent of copyright law. Therefore, Wilson's argument that copyright law does not grant Plaintiff a right of approval cannot dispose of the claim, since the source of Plaintiff's alleged right is a contract.

Wilson's second argument is that Plaintiff's failure to allege the express terms from which the implied term derives is fatal to his claim for breach of an implied term, and further, that the allegedly "implied" term upon which Plaintiff is suing could only be an express term.

A claim based on a contract must either include the language of the contract itself, or plead the essential terms of the contract upon which the claim depends. 4 WITKIN CALIFORNIA PROCEDURE §§ 479-481 (4th ed. 1997). Here, Plaintiff merely alleges, "Implied in the settlement agreement between Plaintiff and Wilson was a covenant of good faith and fair dealing." Complaint ¶ 72. He does not provide the Court with a copy of the agreement, or allege any terms of the agreement, or even describe its purposes. Accordingly, the complaint is deficient.

Plaintiff must plead specific terms not only as a general rule of pleading, but also because without such terms, neither Wilson nor the Court can discern whether such terms could give rise to the implied duties that Plaintiff claims Wilson breached. "The obligations imposed by the covenant of good faith and fair dealing are not those set out in the term of the contract itself, but rather are obligations imposed by law governing the manner in which the contractual obligations must be discharged – fairly and in good faith." Koehrer v. Sup. Ct., 181 Cal. App. 3d 1155, 1169 (4th Dist., 1986) "However, what that duty embraces is dependent upon the nature of the bargain struck between the [parties] and the legitimate expectations of the parties which arise from the contract." Commercial Union Assurance Companies v. Safeway Stores, Inc. 26 Cal.3d 912, 918 (1980). Further, "[i]t is universally recognized [that] the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." Carma Developers Inc. v. Marathon Development California, Inc., 2 Cal.4th 342, 373 (1992).

Plaintiff's Complaint fails to allege any facts that, if taken as true, would show that Wilson was obliged to seek his approval prior to using the compositions. Rather, Plaintiff's statement that the settlement agreement gives rise to an implied covenant of good faith and fair dealing is merely a legal conclusion, and this is insufficient to state a cause of action. However, Plaintiff may be able to state a claim if he amends his Complaint to include the settlement agreement itself, or allege the express terms of the contract from which the allegedly implied term arises.

Accordingly, the Court GRANTS Wilson's motion to dismiss Plaintiff's third cause of action, with leave to amend to plead the express terms of the contract from which the allegedly implied term arises.

Wilson also argues that the term upon which Plaintiff is suing could not be an implied term, but could only be an express term because of its substantive nature. The law is clear that the implied covenant goes to the *nature of the party's performance* of the express contract terms, and does not add

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 05-7798 ABC (PJWx) | Date | August 15, 2006 |
| Title | Mike Love v. The Mail on Sunday, et al. | | |

to those express terms. See, e.g., Carma Developers, at 374 (stating that an implied covenant of good faith and fair dealing cannot contradict the express terms of a contract). Although the term that Plaintiff seeks to imply – that Wilson not use the compositions without Plaintiff's prior permission – does appear to impose a substantive obligation on Wilson, the Court is not ready to so decide in light of its allowing Plaintiff to amend his Complaint with regard to this claim.

### C. Action for Indemnity Under Written Indemnity Contract, Versus Brian Wilson Only (Fourth Cause of Action)

Plaintiff alleges that he was injured by Wilson's agreements with other defendants in connection with the CD promotion, and that Wilson owes him indemnity for such damages pursuant to a 1973 Agreement of Indemnification entered into by the five shareholders of Brother Records, Inc. ("BRI," the legal owner of the Beach Boys' trademark). Complaint ¶¶ 77-80.

Wilson moves to dismiss under Rule 12(b)(6), on the ground that the indemnity agreement does not provide for the reimbursement that Plaintiff seeks. Although Plaintiff did not attach the indemnity agreement to the Complaint, Wilson did attach it to his motion, and the Court may rely upon it in deciding the motion. Inlandboatmens Union of Pacific v. Dutra Group, 279 F.3d 1075, 1083 (9th Cir. 2002) (stating "a district judge may generally consider a document outside the complaint when deciding a motion to dismiss if the complaint specifically refers to the document and if its authenticity is not questioned").

Interpretation of a contract, including whether it is ambiguous, it a matter of law. Beck Park Apartments v. U.S. Dept. of Housing and Urban Development, 695 F.2d 366, 369 (9th Cir. 1982). The indemnity agreement here is not ambiguous: it simply provides no basis for Plaintiff's claim for indemnification. The agreement states, in relevant part:

> Whereas, a judgment was rendered against two of the CORPORATIONS based on the representations of one shareholder; [ ] 1. Any shareholder who without prior authorization of the Board or Board of Directors enters into an agreement with any party or parties which is not subsequently ratified by the written approval of all the parties hereto and/or the Board or Board of Directors of the involved Corporation or Corporations, shall be liable to the Corporation or Corporations for any and all proximate losses, costs or expenses resulting therefrom. [ ] Pursuant to Provision 1 hereof, upon receipt of written notices of liability together with a statement of total damages and costs or expenses, the respective shareholder will remit to the Corporation or Corporations in cash within thirty (30) days of receipt of said notice and accounting all sums as set forth therein.

First, the agreement clearly provides for indemnification of BRI as a corporation, as opposed to indemnification of its shareholders or directors as individuals. Accordingly, Plaintiff cannot state a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 05-7798 ABC (PJWx)                                    Date  August 15, 2006

Title   Mike Love v. The Mail on Sunday, et al.

claim for indemnity under the agreement.

Second, the agreement clearly applies only to circumstances wherein a shareholder's agreement with a third party results in a judgment against, and liability imposed upon, BRI. Under that circumstance, the agreement provides that the shareholder shall indemnify BRI for the losses, costs or expenses resulting therefrom. Here, there are no allegations that any agreement that Wilson may have entered with a third party caused BRI to incur any liability to a third party.

Accordingly, Wilson's motion to dismiss Plaintiff's fourth cause of action is GRANTED and the claim is DISMISSED with prejudice.

**D.   Action for Declaratory Relief Regarding Aforesaid Settlement and Indemnity Agreements (Fifth Cause of Action)**

Plaintiff asks the Court, pursuant to California Civil Code §1559 and California Code of Civil Procedure §1060, for a judicial determination of his rights, vis a vis Brian Wilson, under the settlement and indemnity agreements referenced above. Complaint ¶ 82.

Wilson moves to dismiss on the ground that neither statute provides for declaratory relief under these circumstances.

Plaintiff has not opposed this part of the motion. The Court deems Plaintiff's non-opposition as consent to granting the motion. Further, the Court has independently reviewed Wilson's argument on its merits, and finds that he presents sound bases for granting the motion. Accordingly, the Court hereby GRANTS Defendants' motion to dismiss the fifth cause of action, and DISMISSES it with prejudice.

**E.   Breach of Fiduciary Duty, Versus Brian Wilson Only (Sixth Cause of Action)**

Plaintiff alleges that by virtue of a previous judgment, "a jury found that a partnership between plaintiff and [Brian] Wilson existed, which imposed a fiduciary duty on Wilson related to their co-authored." Complaint ¶ 87. There appears to be a typographical error in Plaintiff's Complaint, but the Court assumes Plaintiff means to refer to "their co-authored *musical compositions*." Plaintiff further alleges that Wilson breached this duty by entering into transactions with others (including other defendants) relating to the Good Vibrations CD. Complaint ¶¶ 89-90.

Wilson moves to dismiss on several grounds. First, he alleges that the judgment in the previous case was entered pursuant to a settlement agreement, and that it therefore does not have collateral estoppel effect in subsequent litigation. Even though Plaintiff alleges that a jury found that a partnership existed between himself and Wilson, judgment in that action was not entered based on the jury finding, but rather pursuant to a settlement agreement. "Settlement agreements ordinarily occasion no issue preclusion (sometimes called collateral estoppel), unless it is clear, as it is not here, that the parties intend their agreement to have such an effect." Arizona v. California, 530 U.S. 392, 414 (2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 05-7798 ABC (PJWx)                                    Date   August 15, 2006

Title   Mike Love v. The Mail on Sunday, et al.

Therefore, the judgment entered in that earlier action, pursuant to a settlement agreement, does not establish the partnership relationship upon which Plaintiff's allegation of fiduciary duty depends.

Accordingly, the Court hereby GRANTS Wilson's motion to dismiss Plaintiff's sixth cause of action, with leave to amend to plead the source of the alleged duty owed him by Brian Wilson.

Wilson also argues that the claim should be dismissed because any alleged partnership between himself and Plaintiff terminated in 1994 under the settlement agreement, and that even if Wilson owed any fiduciary duties to Plaintiff, the conduct alleged in the complaint does not constitute breach. In light of the Court's allowing Plaintiff leave to amend his pleading of this cause of action, the Court finds it would be premature to address these additional grounds for dismissal.

**F.   Claims for Copyright Infringement, Versus All Defendants Except Brian Wilson (Seventh, Eighth, and Ninth Causes of Action)**

Plaintiff's seventh, eighth, and ninth causes of action allege claims for copyright infringement by unlawful reproduction of a copyrighted work, unlawful preparation of a derivative work, and unlawful distribution of a copyrighted work. 17 U.S.C. §§ 106(1), (2) and (3). Plaintiff alleges that he is the co-author of musical compositions, and receives songwriter royalties for these musical compositions as a beneficial owner of their copyrights. Complaint ¶ 94. Plaintiff also claims that defendants infringed on these copyrights by the unauthorized reproduction, preparation of derivative works, copying, and distribution of the copyrighted works, and that he has been damaged by this infringement. Complaint ¶¶ 93-105.

Defendants move to dismiss on several grounds. First, they allege that as a beneficial owner of the copyrights, Plaintiff cannot state a claim for copyright infringement against the legal copyright owner (Rondor), its licensee (ANL), or the Defendants who allegedly "approved" the licensing of the copyrights by Rondor to ANL. This is contrary to the language of the Copyright Act, which states that "[t]he legal or beneficial owner of an exclusive right under a copyright" is entitled to sue for infringement. 17 U.S.C. § 501(b). A "beneficial owner" includes an author who had parted with legal title in exchange for percentage royalties based on sales or license fees." H.R.Rep No. 1476 9th Cong., 2d Sess. 159. "When a composer assigns copyright title to a publisher in exchange for the payment of royalties, an equitable trust relationship is established between the two parties which gives standing to sue for infringement of that copyright." Cortner v. Israel, 732 F.2d 267, 271 (2nd Cir. 1984). Accordingly, as a beneficial owner of the copyright to the musical compositions, Plaintiff has standing to sue for infringement of those copyrights.

Defendants also argue that Plaintiff cannot sue for copyright infringement because the legal copyright owner, Rondor, granted ANL a license to use the musical compositions in issue. Although a fair reading of the Complaint shows that Plaintiff concedes that Rondor did grant a copyright license to ANL, both the scope of that license and whether ANL exceeded that scope appear to be in dispute. Accordingly, the fact that ANL received some license from Rondor does not foreclose a claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 05-7798 ABC (PJWx)                                              Date   August 15, 2006

Title   Mike Love v. The Mail on Sunday, et al.

infringement.

    Defendants also argue that U.S. courts lack jurisdiction over alleged acts of infringement that occurred exclusively outside of the United States. Although U.S. copyright law has no extra-territorial application, Subafilms, Ltd. v. MGM-Pathe Communications Co., 24 F.3d 1088, 1090 (9th Cir. 1994), and therefore cannot govern infringement in relation to the 2.6 million copies of the CD distributed in the U.K., the Complaint does sufficiently allege some infringement in the U.S. by way of the forty copies of the allegedly infringing CD sent to Brian Wilson's attorneys in California. Although this number pales in comparison to the 2.6 million, there is no *de minimis* quantity of infringement below which the Court could dismiss for failure to state a claim. Indeed, the overwhelming weight of authority upholds liability even in circumstances in which use of the copyrighted material is of minimal consequence, such as the inevitable spillover of a broadcast signal aimed at millions of Canadian homes into several thousand U.S. households. LA News Service v Comus Comms., 969 F. Supp. 579, 584 (C.D. Cal. 1997) (7814 households not *de minimis*, particularly in context of a jurisdictional question).[2]

    Finally, Defendants argue that there are no allegations tying *them* to any alleged copyright infringement. Plaintiff's opposition does not challenge this argument. However, the Complaint seems to allege that Defendants are liable for infringement because they "authorized" Rondor's grant to ANL. Although "authorizing" use of a copyright can constitute infringement, the authorization alleged here cannot form the basis of a claim against the Defendants, because Rondor, as the legal owner of the copyright, has plenary authority to grant licenses, without regard to whether another entity "authorized" Rondor to make such a grant. Accordingly, as a matter of law, "authorization" from defendants to Rondor – whose actions were not legally dependent on Defendants' authorization in the first place – to license ANL cannot expose defendants to liability. Therefore, Defendants cannot be liable for copyright infringement under 17 U.S.C. § 106 because of their alleged "authorization" of ANL's use of the compositions.

    Nor does the Complaint state any *other* bases upon which Defendants could be held liable for the alleged infringement. Plaintiff's opposition states that paragraphs 78, 83, and 87 of his Complaint allege that Defendants infringed on Plaintiff's exclusive right to reproduce, prepare a derivative work, and distribute the songs in issue. Plaintiff's Opp. 13:21-26. However, none of these paragraphs even

---

    [2] There is no inconsistency between the Court's holding, on one hand, that U.K. law applies with regard to the right of publicity claims because of the U.K.'s interest in having its law applied to those claims, and, on the other hand, that the few CDs that are alleged to have reached the U.S. would be enough to support a claim for copyright infringement. With regard to the right of publicity claims, the Court was able to consider facts outside of the complaint to determine the extent of in-state conduct and harm relevant to the choice of law analysis. The Court necessarily had to compare the amount of harm alleged to have taken place in the competing jurisdictions. With regard to the copyright claims, the Court could not consider facts outside of the complaint, and no choice of law issue was raised. Further, because there is no *de minimis* defense to copyright infringement, allegations of any distribution within the jurisdiction (the United States) would be sufficient to state an infringement claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 05-7798 ABC (PJWx)                                    Date   August 15, 2006

Title   Mike Love v. The Mail on Sunday, et al.

relate to the copyright causes of action. Nor has the Court's own intensive review of Plaintiff's Complaint yielded any other factual allegations that Defendants engaged in copyright infringement. For example, Plaintiff alleges that forty copies of the CD were sent to Brian Wilson's lawyers, and that one copy was sent to California through an eBay purchase. These are Plaintiff's only allegations of distribution of the allegedly infringing CDs into the U.S., but Plaintiff fails to allege how any of the remaining Defendants were responsible for these acts, or that they "authorized" this distribution. Accordingly, Plaintiff's allegations fail to state any Copyright claim against the Defendants.

Therefore, the Court hereby GRANTS Defendants' motion to dismiss Plaintiff's seventh, eighth, and ninth causes of action, and DISMISSES them with prejudice.

**G.    Claim for Federal Trademark Infringement (Tenth Cause of Action)**

Plaintiff claims that he holds the exclusive license to the Beach Boys trademark for public performances as the Beach Boys, and that the Defendants' use of the Beach Boys' trademark in connection with the Good Vibrations CD and promotion violates 15 U.S.C. § 1114 (Lanham Act 32(1)). Complaint ¶¶ 107-108.

Defendants move to dismiss this claim on the ground that Plaintiff's license does not give him sufficient ownership interest in the Beach Boys mark to confer standing to sue for infringement. Defendants also argue that the claim must be dismissed because, as a matter of law, there is no likelihood of confusion between the allegedly infringing use of the mark and Plaintiff's use of the mark. The Siever Defendants also argue that Plaintiff fails to allege that any of them, as opposed to ANL, had anything to do with the creation of or distribution of the allegedly infringing materials.

Title 15 U.S.C.§ 1114 permits civil actions for trademark infringement to be brought by the "registrant" of the mark. The term registrant includes the legal representative, predecessors, successors, and assigns of the registrant. 15 U.S.C. § 1127. Here, Plaintiff is an *exclusive licensee* to use Beach Boys trademarks to perform at live concerts. Complaint ¶¶ 4, 51. This license was granted him by the legal owner of the trademark, BRI. Id. The determination of whether a licensee has standing to sue under § 1114 depends largely on the rights granted to the licensee in the licensing agreement. Typically, where the license is an exclusive license and does not set forth any restrictions on the licensee's ability to enforce the trademark, the licensee has standing to sue for infringement. Ultrapure Systems, Inc. v. Ham-Let Group, 921 F. Supp. 659, 665-666 (N.D. Cal.1996). Under such circumstances, the licensee does have a property interest in the trademark and qualifies as an assignee or successor of the registrant. Id.

However, a licensee's rights to use a trademark, and consequently, his right to sue for its infringement, are limited to the scope of the license. Here Plaintiff alleges that Defendants' use of the Beach Boys' trademark in connection with the Good Vibrations CD infringes his rights as a licensee. However, Defendants' conduct cannot infringe on Plaintiff's right because they are based on two different uses: the Defendants used the mark in connection with the Good Vibrations CD, while

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 05-7798 ABC (PJWx)                                    Date   August 15, 2006

Title   Mike Love v. The Mail on Sunday, et al.

Plaintiff's license – and therefore his enforcement rights under § 1114, if any – are limited to using the mark in connection with live performances. Therefore, Plaintiff has no standing to sue Defendants for infringement, since their use could not infringe on his use.

As an alternative basis for dismissal, the Court notes the Sievers Defendants' contention – in which all other Defendants join – that the Complaint fails to allege that any of them, as opposed to ANL, are responsible for the creation or distribution of the allegedly infringing materials. Plaintiff's opposition fails to contest this argument, and therefore concedes it. The Court independently reviewed the Complaint, and found that it is in fact lacking in this respect. Thus, even if Plaintiff had standing to sue for infringement, he makes no allegations to support his suing any of the remaining defendants.

Accordingly, the Court hereby GRANTS Defendants' motion to dismiss Plaintiff's tenth cause of action, and DISMISSES it with prejudice.

In light of the Court's ruling on other grounds, there is no need to address whether likelihood of confusion was adequately pled.

### H.   Claim for Federal Unfair Competition, 15 U.S.C. § 1125(a), Lanham Act 43(a) (Eleventh Cause of Action)

Plaintiff claims that Defendants' use of the Beach Boys mark constitutes a misappropriation of a distinguishing characteristic of his touring band and himself, and a false representation to the public of the character and quality of Defendants' goods and services. Complaint ¶ 116.

Defendants move to dismiss this claim on the ground that there is no likelihood of confusion as a matter of law given the lack of any relation between the Good Vibrations CD and Plaintiff's services performing concerts as the Beach Boys.

To maintain an action for false designation of origin under 15 U.S.C. § 1125(a), a plaintiff must prove the defendant's use of the same or similar mark would create a likelihood of consumer confusion. Levi Strauss & Co. v. Blue Bell Inc., 778 F.2d 1352, 1354 (9th Cir. 1985). An eight factor test is employed to determine whether a "likelihood of confusion" exists. Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1391 (9th Cir.1993). The factors "were not meant to be requirements or hoops that a district court need jump through to make the determination." Eclipse Assocs. Ltd. v. Data General Corp., 894 F.2d 1114, 1118 (9th Cir. 1990). If the court determines as a matter of law from the pleadings that the goods are unrelated and confusion is unlikely, the complaint should be dismissed. Murray v. Cable Nat. Broadcasting Co., 86 F.3d 858, 860 (9th Cir. 1996).

The eight factor test set out in AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979) applies when the products are related but not in direct competition. These eight factors include: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and degree of care likely to be exercised by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | CV 05-7798 ABC (PJWx) | Date August 15, 2006 |
| Title | Mike Love v. The Mail on Sunday, et al. | |

the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of product lines. Id.

After considering the Sleekcraft factors, the Court is unable to find as a matter of law that consumer confusion is unlikely. First, the "Beach Boys" trademark is a "strong" mark. It is widely recognized as the name of a famous music group. Further, the name is arbitrary, that is, it applies to a famous music group rather than to a function, and is not descriptive. Second, the goods in issue are close enough in proximity to give rise to confusion. Both the Good Vibrations CD and Plaintiff's live performances are media for music, and both offer music authored by Wilson and Plaintiff. Defendants' contention that the goods are unrelated because Plaintiff's performance is really a "service" and not a good is unavailing, because both are vehicles for presenting music. The fact that different media are involved does not foreclose likelihood of consumer confusion as to origin. Third, both parties used identical language – Beach Boys. Fourth, regarding the type of goods and consumer care, a music CD is relatively inexpensive. Therefore, it is unlikely that a reasonable buyer would exercise particular caution in purchasing the CD, which caution might otherwise prevent consumer confusion. Although the Court has insufficient information with which to assess the remaining factors – evidence of actual confusion, marketing channels used, defendants' intent, and likelihood of expansion of product lines – based on its assessment of the other factors, the Court cannot find as a matter of law there the goods are unrelated and consumer confusion unlikely.

Accordingly, Defendants' motion to dismiss the eleventh cause of action is DENIED.

### I. Claim for Federal Trademark Dilution (Twelfth Cause of Action)

Plaintiff alleges that Defendants' use of the Beach Boys' mark in connection with the Good Vibrations CD caused dilution of the mark in violation of 15 U.S.C.§ 1125(c), Lanham Act § 43(c).

Defendants moved to dismiss on the ground that Plaintiff lacks standing to bring a claim for trademark dilution because he is only an exclusive licensee of the mark, and not the owner of the mark. Because the statute grants standing to sue only to the "owner of the famous mark," Plaintiff lacks standing to bring this claim.

Plaintiff has not opposed this part of the motion. The Court deems Plaintiff's non-opposition as consent to granting the motion. Further, the Court has independently reviewed Defendants' arguments on the merits, and finds sound bases for granting the motion. Accordingly, the Court GRANTS Defendants' motion to dismiss the twelfth cause of action, and DISMISSES it with prejudice.

### J. Claim for Violation of California's Unfair, Deceptive or Unlawful Business Practices Act (Thirteenth Cause of Action)

Plaintiff claims that the Defendants' conduct violated California's Unfair, Deceptive or Unlawful Business Practices Act, Cal. Bus. & Prof. Code § 17200, et. seq.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 05-7798 ABC (PJWx) | Date | August 15, 2006 |
| Title | Mike Love v. The Mail on Sunday, et al. | | |

Defendants move to dismiss on the grounds that there is no likelihood of confusion, that none of the misconduct or damage occurred in California, and that Plaintiff failed to comply with Proposition 64 by not pleading injury in fact or causation.

Plaintiff's § 17200 claim consists of three conclusory sentences that incorporate all of the preceding allegations. Such vague pleading fails to put Defendants on notice of the nature of the claims against them, especially because the alleged wrongdoing in the preceding paragraphs is not necessarily alleged as against each Defendant. In addition, in light of the Court's dismissal of so many other claims, Plaintiff must amend this claim to plead any remaining basis for it, if any. The Court further notes that Plaintiff must comply with the requirements of Proposition 64, including pleading injury in fact and causation. Thus, in a claim based on alleged misrepresentations, a recent Appellate Court decision held that the plaintiff must show that he "actually *relied* on the misrepresentation and as a result, was injured thereby." Pfizer Inc. v. Superior Court, 45 Cal.Rptr.3d 840, 851-852 (Cal.App. 2 Dist., 2006).

Accordingly, the Court GRANTS Defendants' motion to dismiss the thirteenth cause of action, with leave to amend to show any remaining basis for the claim.

### K. Claims for Interference With Contractual Relations with BRI and Rondor Music, Versus All Defendants Except Brian Wilson (Fourteenth and Fifteenth Causes of Action)

Plaintiff claims that Defendants' activities in connection with the giveaway of the Good Vibrations CD give rise to a claim for intentional interference with contractual relations with BRI and Rondor Music. With regard to BRI, Plaintiff claims that his performance of the contract as licensee to use BRI's Beach Boys trademark was made more difficult by Defendants' intentional actions. Complaint ¶¶ 130-132. With regard to Rondor, Plaintiff claims that Defendants' activities prevented Rondor from performing its contract with Plaintiff relating to payment of songwriting royalties. Complaint ¶¶ 137-138.

Defendants move to dismiss both causes of action on the ground that Plaintiff failed to plead all of the elements of the claims. Defendants also move to dismiss the fifteenth cause of action on the ground that it is preempted by federal copyright law.

Plaintiff has not opposed the motion with regard to the fourteenth cause of action. Nor has he opposed Defendants' contention that the fifteenth cause of action is preempted. The Court deems Plaintiff's non-opposition as consent to granting the motion. Further, the Court has independently reviewed Defendants' arguments on the merits, and finds sound bases for granting the motion. Accordingly, the Court GRANTS defendants' motion to dismiss the fourteenth and fifteenth causes of action, and DISMISSES them with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 05-7798 ABC (PJWx) | Date | August 15, 2006 |
| Title | Mike Love v. The Mail on Sunday, et al. | | |

**L.  Claims for Intentional and Negligent Interference with Prospective Economic Advantage (Sixteenth and Seventeenth Causes of Action)**

Plaintiff claims that Defendants intentionally and negligently interfered with his relationships with BRI and Rondor, thereby depriving him of prospective economic advantage. Complaint ¶¶ 142-146, 148-154.

Defendants move to dismiss these claims on the ground that they are preempted by copyright law, and that Plaintiff failed to plead several elements of these claims.

Plaintiff has not opposed Defendants' contention that the these causes of action are preempted. The Court deems Plaintiff's non-opposition as consent to granting the motion. Further, the Court has independently reviewed Defendants' arguments on the merits, and finds sound bases for granting the motion. Accordingly, the Court GRANTS defendants' motion to dismiss the sixteenth and seventeenth causes of action, and DISMISSES them with prejudice.

**M.  Claim for Civil Conspiracy (Eighteenth Cause of Action)**

Plaintiff claims that the Defendants conspired to commit the wrongful conduct he alleges in connection with the Good Vibrations promotion.

Defendants move to dismiss this claim for failure to plead facts in relation to any defendant showing their participation in the formation and operation of any conspiracy, or damage resulting from any conspiracy. Further, the Sievers Defendants argue that Plaintiff has not pled that they owe him any legal duty whose breach would give rise to a civil conspiracy claim.

"The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design." Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 511 (1994) (internal citations omitted). Here, Plaintiff argues that his bald allegation that the Defendants "agreed among themselves to implement and/or maintain and international advertising and marketing scheme" sufficiently alleges conspiracy. However, "To state a cause of action for conspiracy, *facts must be alleged* showing the formation and operation of a conspiracy and damage resulting from an act or acts done in furtherance of the plan." Orloff v. Metropolitan Trust Co., 17 Cal.2d 484, 488 (1941) (emphasis added). Plaintiff's pleading of civil conspiracy is therefore inadequate, in that he alleges conclusions rather than facts. The complaint fails, for example, to allege how the conspiracy operated, or to differentiate among the various different defendants and their alleged roles. Such a complaint fails to put the Defendants on notice of the factual bases of the claim.

Accordingly, the Court hereby GRANTS defendants' motion to dismiss Plaintiff's eighteenth cause of action, but grants leave to amend to plead facts showing formation and operation of a conspiracy, although the Court is doubtful that amendment would be successful.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 05-7798 ABC (PJWx) | Date | August 15, 2006 |
| Title | Mike Love v. The Mail on Sunday, et al. | | |

### N. The Sanctuary Defendants' Motion

On May 22, 2006, the Sanctuary Defendants filed their motion to dismiss. On June 5, 2006, Plaintiff filed his opposition papers, none of which included any opposition to the Sanctuary Motion. Several weeks later, after the other defendants filed their replies, Plaintiff's attorneys apparently realized that they had failed to oppose the Sanctuary Defendants' motion. Plaintiff's attorneys contended that they meant their opposition to the Sievers Motion to also be an opposition to the Sanctuary Motion, but that they had inadvertently filed a version of the document missing their arguments opposing the Sanctuary Motion. Plaintiff's attorneys asked the Court, *ex parte*, to allow them to replace the misfiled opposition with one that included his arguments against the Sanctuary Motion. For reasons set out in its July 17, 2006 minute order, the Court denied Plaintiff's application. Accordingly, the Sanctuary Motion remains unopposed.

The Court therefore deems Plaintiff's non-opposition as consent to granting the motion. Further, the Court has independently reviewed Defendants' arguments on the merits, and finds sound bases for granting the motion. Accordingly, the Court GRANTS the Sanctuary Defendants' motion to dismiss, and DISMISSES Sanctuary Records Group, Inc., Sanctuary Artist Management Inc., and Sanctuary Music Productions, Inc., from the action, with prejudice. Sanctuary Record Group Ltd. remains a defendant with regard to any claims alleged against it that have not been dismissed against the moving defendants.

### O. Melinda Wilson's Motion

Defendant Melinda Wilson moved to dismiss on two grounds. First, Melinda Wilson argues that she should not be deemed a party to this action because Plaintiff added her to the First Amended Complaint without first seeking leave to amend, as required by Federal Rule of Civil Procedure 21. Second, Melinda Wilson argues that if she is nevertheless deemed a party, the sole allegation against her is insufficient to sustain any claim for relief against her. Plaintiff contends that he was not required to seek leave to amend to add a party because he added her at the same time that he amended his complaint pursuant to the Court's existing grant of leave, and that, accordingly, his joinder of Melinda Wilson was proper.

The Court's order of March 21, 2006, granted Plaintiff leave to file a First Amended Complaint for the limited purpose of pleading facts that would establish personal jurisdiction in California over then-defendants Bigtime.TV and ANL. Plaintiff's single-sentence allegation against Melinda Wilson – "Sanctuary sought Brian and Melinda Wilson's approval for the licensing of recording [sic] used for the Good Vibrations CD, initially though Jean Sievers of the Lippin Group" – does not bring Plaintiff's joinder of Melinda Wilson as a defendant within the scope of the Court's narrow grant of leave. This insubstantial allegation has no relationship whatsoever to the question of personal jurisdiction over Bigtime.TV or ANL, and therefore cannot be "germane" to the purpose for which leave to amend was granted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 05-7798 ABC (PJWx)                              Date   August 15, 2006

Title   Mike Love v. The Mail on Sunday, et al.

Accordingly, Plaintiff's attempt to join Melinda Wilson as a defendant exceeded the Court's grant of leave, which grant did not in any way excuse Plaintiff from having to comply with the Federal Rules. Plaintiff's attempt to join Melinda Wilson is, therefore, completely ineffectual. The Court need not address Plaintiff's argument that his failure to serve a summons on Melinda Wilson means that the Court cannot consider her motion to dismiss; rather, Plaintiff never properly joined Melinda Wilson as a defendant in the first place, and the Court has authority, sua sponte, to hereby DISMISS her.

Finally, to the extent to which Plaintiff's FAC attempts to state any claims against Melinda Wilson, it is wholly inadequate in any event. Thus, to the extent Plaintiff's opposition to Melinda Wilson's motion to dismiss is also a request for leave to amend the complaint to join her as a party, it is DENIED.

### III.  CONCLUSION

For the reasons explained above, the Court ruled as follows on the Defendants' motions to dismiss:

GRANTED with prejudice as to the first, second, fourth, fifth, seventh, eighth, ninth, tenth, twelfth, fourteenth, fifteenth, sixteenth, seventeenth causes of action, which were DISMISSED with prejudice;

GRANTED as to the third cause of action, with leave to amend to plead the terms of the contract upon which the claim depends;

GRANTED as to the sixth cause of action, with leave to amend to plead the basis of the alleged duty owed Plaintiff by Wilson;

DENIED as to the eleventh cause of action;

GRANTED as to the thirteenth cause of action, with leave to amend to plead any remaining basis for the claim; and

GRANTED as to the eighteenth cause of action, with leave to amend to plead facts showing formation and operation of a conspiracy.

The Court also GRANTED the Sanctuary Defendants' motion, and DISMISSED the following parties from the action: Sanctuary Records Group, Inc., Sanctuary Artist Management Inc., and Sanctuary Music Productions, Inc.

The Court also DISMISSED Melinda Wilson from the action because Plaintiff never properly joined her as a party, and DENIED Plaintiff's request for leave to amend to join her.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 05-7798 ABC (PJWx) | Date | August 15, 2006 |
| Title | Mike Love v. The Mail on Sunday, et al. | | |

If Plaintiff chooses to amend his Complaint, he must do so in accordance with the Court's grant of leave, and within twenty-one (21) days of the issuance of this order, that is, **by September 5, 2006.** For any claims not amended by that date, the Court's granting of Defendants motions with leave to amend will automatically become dismissals with prejudice.

**IT IS SO ORDERED.**

Initials of Preparer  _D.A._